

U.S. Department of Justice

*Leah B. Foley*
*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*      *John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

December 9, 2025

Brian T. Rafferty
Rafferty Law, LLC
1575 Johnson Road NE
Atlanta, Georgia 30306

    RE:    <u>United States v. Zhenxing Wang</u>
              **Criminal No. 25-cr-10273-NMG**

Dear Attorney Rafferty:

    The United States Attorney for the District of Massachusetts and the National Security Division of the United States Department of Justice (the "U.S. Attorney") and your client, Zhenxing Wang ("Defendant"), agree as follows, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B):

    1.    <u>Change of Plea</u>

    At the earliest practicable date, Defendant will plead guilty to Counts One and Two of the Indictment: Conspiracy to Commit Wire and Mail Fraud in violation of 18 U.S.C. § 1349, and Conspiracy to Commit Money Laundering in violation of 18 U.S.C. § 1956(h). Defendant admits that Defendant committed the crimes specified in these counts and is in fact guilty of each one.

    The government agrees to dismiss Counts Three and Four of the Indictment, charging Defendant with Conspiracy to Commit Identity Theft and Conspiracy to Damage a Protected Computer, at the time of sentencing.

    2.    <u>Penalties</u>

    Counts One and Two of the Indictment each carry the following maximum penalties: incarceration for 20 years; supervised release for 3 years; a fine of $250,000 or twice the pecuniary gain or loss from the offense, whichever is greater; a mandatory special assessment of $100;

restitution; and forfeiture to the extent charged in the Indictment.

Defendant understands that, if Defendant is not a United States citizen by birth, pleading guilty may affect Defendant's immigration status. Defendant agrees to plead guilty regardless of any potential immigration consequences, even if Defendant's plea results in being automatically removed from the United States.

3.  Sentencing Guidelines

The parties agree, based on the following calculations, that Defendant's total "offense level" under the Guidelines is 28:

    a) Counts One and Two are grouped together because one count embodies conduct that is treated as a specific offense characteristic in, or other adjustment to, the guideline applicable to another of the counts (USSG § 3D1.2(c))[1];

    b) The offense guideline for Count Two (money laundering conspiracy) produces the highest offense level of the counts in this Group. (USSG § 3D1.3(b));

    c) Defendant's base offense level is 7 (USSG §§ 2S1.1(a)(1) and 2B1.1(a)(1));

    d) Defendant's offense level is increased by 18, because the value of the laundered funds exceeded $3.5 million (USSG §2B1.1(b)(1)(J));

    e) Defendant's offense level is increased by 2, because the offense involved 10 or more victims (USSG § 2B1.1(b)(2)(A)(i);

    f) Defendant's offense level is increased by 2, because a substantial part of the offense occurred outside the United States, and the offense involved sophisticated means and the defendant intentionally engaged in or caused the conduct constituting sophisticated means (USSG §§ 2B1.1(b)(10)(B) and (C);

    g) Defendant's offense level is increased by 2, because the offense involved the unauthorized transfer or use of any means of identification unlawfully to produce or obtain any other means of identification (USSG § 2B1.1(b)(11)(C)(i);

    h) Defendant's Offense Level is increased by 2, because the defendant was convicted under 18 U.S.C. § 1956;

    i) Defendant's offense level is decreased by 3, because Defendant has accepted

---

[1] *See also* USSG § 2S1.1, Application Note 6 ("In a case in which the defendant is convicted of a count of laundering funds and a count for the underlying offense from which the laundered funds were derived, the counts shall be grouped.")

2

responsibility for Defendant's crimes (USSG § 3E1.1); and

j) The parties agree that if (1) U.S. Probation determines that Defendant does not receive any criminal history points, and (2) both U.S. Probation and the United States determine that Defendant otherwise satisfies the criteria set forth in USSG § 4C1.1, the United States will recommend that Defendant's offense level be reduced by 2 pursuant to USSC § 4C1.1. The parties further agree that the determination whether § 4C1.1 applies does not alter the agreed-upon disposition set forth in Paragraph 5 below.

Defendant understands that the Court is not required to follow this calculation or even to sentence Defendant within the Guidelines and that Defendant may not withdraw Defendant's guilty plea if Defendant disagrees with how the Court calculates the Guidelines or with the sentence the Court imposes.

Defendant also understands that the government will object to any reduction in Defendant's sentence based on acceptance of responsibility if: (a) at sentencing, Defendant (directly or through counsel) indicates that Defendant does not fully accept responsibility for having engaged in the conduct underlying each of the elements of the crimes to which Defendant is pleading guilty; or (b) by the time of sentencing, Defendant has committed a new federal or state offense, or has in any way obstructed justice.

If, after signing this Agreement, Defendant's criminal history score or Criminal History Category is reduced, the U.S. Attorney reserves the right to seek an upward departure under the Guidelines.

Nothing in this Plea Agreement affects the U.S. Attorney's obligation to provide the Court and the U.S. Probation Office with accurate and complete information regarding this case.

4. <u>Sentence Recommendation</u>

The parties agree to recommend the following sentence to the Court:

a) incarceration within the Guidelines sentencing range as calculated by the parties in Paragraph 3;

b) a fine within the Guidelines sentencing range as calculated by the parties, unless the Court finds that Defendant is not able, and is not likely to become able, to pay a fine;

c) 36 months of supervised release;

d) a mandatory special assessment of $200, which Defendant must pay to the Clerk of the Court by the date of sentencing; and

  e) forfeiture as set forth in Paragraph 7.

  Defendant agrees that all criminal monetary penalties, including special assessment, restitution, forfeiture, and/or fine imposed shall be due and payable immediately, and further agrees that any Court-ordered repayment schedule does not preclude further enforcement or collection by the United States.

  5. <u>Waiver of Appellate Rights and Challenges to Conviction or Sentence</u>

  Defendant has the right to challenge Defendant's conviction and sentence on "direct appeal." This means that Defendant has the right to ask a higher court (the "appeals court") to look at what happened in this case and, if the appeals court finds that the trial court or the parties made certain mistakes, overturn Defendant's conviction or sentence. Also, in some instances, Defendant has the right to file a separate civil lawsuit claiming that serious mistakes were made in this case and that Defendant's conviction or sentence should be overturned.

  Defendant understands that Defendant has these rights, but now agrees to give them up. Specifically, Defendant agrees that:

   a) Defendant will not challenge Defendant's <u>conviction</u> on direct appeal or in any other proceeding, including in a separate civil lawsuit; and

   b) Defendant will not challenge Defendant's <u>sentence,</u> including any court orders related to forfeiture, restitution, fines or supervised release, on direct appeal or in any other proceeding, including in a separate civil lawsuit.

  Defendant understands that, by agreeing to the above, Defendant is agreeing that Defendant's conviction and sentence will be final when the Court issues a written judgment after the sentencing hearing in this case. <u>That is, after the Court issues a written judgment, Defendant will lose the right to appeal or otherwise challenge Defendant's conviction and sentence, regardless of whether Defendant later changes Defendant's mind or finds new information that would have led Defendant not to agree to give up these rights in the first place.</u>

  Defendant is agreeing to give up these rights at least partly in exchange for concessions the U.S. Attorney is making in this Agreement.

  The parties agree that, despite giving up these rights, Defendant keeps the right to later claim that Defendant's lawyer rendered ineffective assistance of counsel, or that the prosecutor or a member of law enforcement involved in the case engaged in misconduct serious enough to entitle Defendant to have Defendant's conviction or sentence overturned.

  6. <u>Waiver of Hyde Amendment Claim</u>

  Defendant is aware that the Court can award attorneys' fees and other litigation expenses to defendants in certain criminal cases. In exchange for the concessions the U.S. Attorney is

making in this Agreement, Defendant waives any claim under the so-called "Hyde Amendment," 18 U.S.C. §3006A, that is based in whole or in part on the U.S. Attorney's agreement in Paragraph 1 to dismiss Counts 3 and 4.

7. <u>Forfeiture</u>

Defendant understands that the Court will, upon acceptance of Defendant's guilty plea, enter an order of forfeiture as part of Defendant's sentence, and that the order of forfeiture may include assets directly traceable to Defendant's offense, assets used to facilitate Defendant's offense, substitute assets and/or a money judgment equal to the value of the property derived from, or otherwise involved in, the offense.

The assets to be forfeited specifically include, without limitation, the following:

   a. $200,000, to be entered in the form of an Order of Forfeiture (Money Judgment).

Defendant admits that $200,000 is subject to forfeiture on the grounds that it is equal to the partial proceeds Defendant derived from the offenses and/or the amount of money involved in Defendant's offenses.

Defendant acknowledges and agrees that the amount of the forfeiture money judgment represents proceeds the Defendant obtained (directly or indirectly) from, and/or facilitating property and/or property involved in, the crimes to which Defendant is pleading guilty and that, due at least in part to the acts or omissions of Defendant, the proceeds or property have been transferred to, or deposited with, a third party, spent, cannot be located upon exercise of due diligence, placed beyond the jurisdiction of the Court, substantially diminished in value, or commingled with other property which cannot be divided without difficulty. Accordingly, Defendant agrees that the United States is entitled to forfeit as "substitute assets" any other assets of Defendant up to the value of the now missing directly forfeitable assets.

Defendant agrees to consent to the entry of an order of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2, and 43(a) regarding notice of the forfeiture in the charging instrument, advice regarding the forfeiture at the change-of-plea hearing, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant understands and agrees that forfeiture shall not satisfy or affect any fine, lien, penalty, restitution, cost of imprisonment, tax liability or any other debt owed to the United States.

If the U.S. Attorney requests, Defendant shall deliver to the U.S. Attorney within 30 days after signing this Plea Agreement a sworn financial statement disclosing all assets in which Defendant currently has any interest and all assets over which Defendant has exercised control, or has had any legal or beneficial interest. Defendant further agrees to be deposed with respect to Defendant's assets at the request of the U.S. Attorney. Defendant agrees that the United States Department of Probation may share any financial information about the Defendant with the United

States Attorney's Office.

Defendant also agrees to waive all constitutional, legal, and equitable challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement.

Defendant hereby waives and releases any claims Defendant may have to any vehicles, currency, or other personal property seized by the United States, or seized by any state or local law enforcement agency and turned over to the United States, during the investigation and prosecution of this case, and consents to the forfeiture of all such assets.

8.   Waiver of Discovery

As part of this Plea Agreement, and based upon the concessions of the United States in this Plea Agreement, Defendant knowingly, willingly, and voluntarily gives up the right to seek any additional discovery. Further, Defendant knowingly, willingly, and voluntarily waives all pending requests for discovery. This waiver, however, shall not apply to any discovery that tends to negate the defendant's guilt or diminish the degree of Defendant's culpability or Defendant's Offense Level under the U.S. Sentencing Guidelines.

9.   Civil Liability

This Plea Agreement does not affect any civil liability, including any tax liability, Defendant has incurred or may later incur due to Defendant's criminal conduct and guilty plea to the charges specified in Paragraph 1 of this Agreement.

10.   Breach of Plea Agreement

Defendant understands that if Defendant breaches any provision of this Agreement, violates any condition of Defendant's pre-trial release or commits any crime following Defendant's execution of this Plea Agreement, Defendant cannot rely upon such conduct to withdraw Defendant's guilty plea. Defendant's conduct, however, would give the U.S. Attorney the right to be released from the U.S. Attorney's commitments under this Agreement, to pursue any charges that were, or are to be, dismissed under this Agreement, and to use against Defendant any of Defendant's statements, and any information or materials Defendant provided to the government during investigation or prosecution of Defendant's case—even if the parties had entered any earlier written or oral agreements or understandings about this issue.

Defendant also understands that if Defendant breaches any provision of this Agreement or engages in any of the aforementioned conduct, Defendant thereby waives any defenses based on the statute of limitations, constitutional protections against pre-indictment delay, and the Speedy Trial Act, that Defendant otherwise may have had to any charges based on conduct occurring before the date of this Agreement.

11. <u>Who is Bound by Plea Agreement</u>

This Agreement is only between Defendant, the U.S. Attorney for the District of Massachusetts, and the National Security Division, National Security Cyber Section, of the U.S. Department of Justice. It does not bind the Attorney General of the United States or any other federal, state, or local prosecuting authorities.

12. <u>Modifications to Plea Agreement</u>

This Agreement can be modified or supplemented only in a written memorandum signed by both parties, or through proceedings in open court.

*   *   *

If this letter accurately reflects the agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Plea Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Jason A. Casey.

Sincerely,

LEAH B. FOLEY,
United States Attorney

By: _____
Jared C. Dolan
Chief, National Security Unit

_____
Jason A. Casey
Deputy Chief, National Security Unit

_____ /for/
Gregory Nicosia
Trial Attorney
National Security Cyber Section
National Security Division
U.S. Department of Justice

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter and discussed it with my attorney. The letter accurately presents my agreement with the United States Attorney's Office for the District of Massachusetts and the National Security Division, National Security Cyber Section of the U.S. Department of Justice. There are no unwritten agreements between me and the United States Attorney's Office, and no United States government official has made any unwritten promises or representations to me in connection with my guilty plea. I have received no prior offers to resolve this case.

I understand the crimes I am pleading guilty to, and the maximum penalties for those crimes. I have discussed the Sentencing Guidelines with my lawyer, and I understand the sentencing ranges that may apply.

I am satisfied with the legal representation my lawyer has given me, and we have had enough time to meet and discuss my case. We have discussed the charge(s) against me, possible defenses I might have, the terms of this Agreement and whether I should go to trial.

I am entering into this Agreement freely and voluntarily and because I am in fact guilty of the offenses. I believe this Agreement is in my best interest.

*Zhenxing Wang*
Zhenxing Wang
Defendant

Date: 12-14-2025

I certify that Zhenxing Wang has read this Agreement that we have discussed what it means. I believe Zhenxing Wang understands the Agreement and is entering into it freely, voluntarily, and knowingly. I also certify that the U.S. Attorney has not extended any other offers regarding a change of plea in this case.

Brian Rafferty
Attorney for Defendant

Date: 12/21/2025